IN THE SUPREME COURT OF THE STATE OF DELAWARE

MAURICE BACKUS, § 
 § 
 Defendant Below, § No. 245, 2018
 Appellant, § 
 § Court Below—Superior Court
 v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. N1611008050
 § 
 Plaintiff Below, § 
 Appellee. § 

Submitted: January 16, 2019
Decided: January 23, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

(1) On November 12, 2016, Wilmington Police Corporal Jesus Caez was on routine traffic patrol when he spotted Maurice Backus driving a Dodge Dakota while talking on a cell phone. Accordingly, Caez pulled over Backus for that violation of the Delaware motor vehicle code.

(2) Even after Caez approached Backus's truck, Backus remained on the phone. Caez told Backus to hang up the phone. Backus complied, placing the phone "on the center console, towards the dash area."[1] Caez then told Backus that he had pulled him over for the cell phone violation and asked for his drivers' license.

---

[1] App. to. Op. Br. A19 ("A__" hereafter); A13.

Backus handed Caez his license but then "made a sudden, furtive movement with his left hand sliding across to his right waist area towards the center console."[2] At this point, Caez asked Backus to place his hands on the steering wheel and called for backup. When backup arrived, Caez asked Backus to step out and to place his hands on the truck. After Backus alighted from the truck, Caez began to frisk Backus.

(3)     As Caez began to frisk Backus, he saw a black bag hanging out of Backus's jacket pocket. In that black bag, Caez could see a clear bag containing a substance that Caez recognized from his training and experience to be cocaine, and so he seized the bag.

(4)     A New Castle grand jury indicted Backus for Drug Dealing, Aggravated Possession of Cocaine, and Driving While Using an Electronic Communication Device.

(5)     Backus filed a motion to suppress, arguing that Caez improperly expanded the scope of the motor vehicle stop when he asked Backus to step out of the vehicle so that he could frisk him. According to Backus, no concrete facts supported the search, and Caez thus violated his rights under the Fourth Amendment of the United States Constitution and Article I, § 6 of the Delaware Constitution. The Superior Court denied Backus's motion in a bench ruling.

---

[2] A14; A24–25.

2

(6)     After a bench trial, the Superior Court convicted Backus of Drug Dealing and Aggravated Possession[3] and sentenced him to five years of non-suspended imprisonment.  Backus timely appealed, challenging solely the Superior Court's denial of his motion to suppress.

(7)     We review denials of motions to suppress for abuse of discretion.[4] We review the trial judge's determinations of fact for clear error.[5]  We review *de novo*, however, the trial judge's application of legal precepts.[6]

(8)     "Under the Fourth Amendment, a traffic stop is a seizure of a vehicle and its occupants by the State.  A stop is subject to constitutional limitations.  Specifically, the State must demonstrate that the stop and any subsequent police investigation were reasonable in the circumstances."[7]

(9)     First, the stop must be justified by reasonable suspicion of criminal activity as defined in *Terry v. Ohio*.[8]  "Like probable cause, reasonable suspicion is an elusive concept, but requires some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.  In determining whether a *Terry*

---

[3] Before trial, the State entered a *nolle prosequi* on the charge of driving while using an electronic device.

[4] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284–85 (Del. 2008).

[5] *Id*. at 1285.

[6] *Id*.

[7] *Caldwell v. State*, 780 A.2d 1037, 1045–46 (Del. 2001) (internal quotations omitted).

[8] *Id*. (citing *United States v. Brignoni–Ponce*, 422 U.S. 873, 880–81 (1975) (citing *Terry v. Ohio*, 392 U.S. 1, 16–19 (1968)).

stop was supported by reasonable suspicion, the courts consider the totality of the circumstances known to the officer at the time of the stop."[9]

(10) "Second, the stop and inquiry must be reasonably related in scope to the justification for their initiation."[10] In particular, in *Pennsylvania v. Mimms*,[11] the United States Supreme Court held that "once a motor vehicle has been lawfully detained for a traffic violation, the police officer may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable search and seizure."[12] Furthermore, we have recognized that "a police officer may frisk a person who has been detained if he possesses a reasonable articulable suspicion that the detainee is armed and presently dangerous."[13]

(11) In addition, under federal and Delaware constitutional law, police "may seize, without a warrant, contraband that the officer observes in plain view."[14]

(12) Backus concedes that the initial traffic stop was legally justified.

(13) Backus's main argument on appeal is instead that Caez illegally "order[ed] Backus from [his] vehicle,"[15] and that any subsequently gathered evidence should be suppressed. We disagree.

---

[9] *Lopez-Vazquez*, 956 A.2d at 1286–87 (internal citations and quotation marks omitted).
[10] *Caldwell*, 780 A.2d at 1046 (internal quotations and citations omitted).
[11] 434 U.S. 106 (1977).
[12] *Id.* at 111 n.6 (cited by *Loper v. State*, 8 A.3d 1169, 1174 (Del. 2010)).
[13] *State v. Henderson*, 892 A.2d 1061, 1064 (Del. 2006) (citing *Terry*, 392 U.S. at 27).
[14] *Hardin v. State*, 844 A.2d 982, 985 (Del. 2004).
[15] Op. Br. 9.

(14)   As noted above, once a police officer conducts an otherwise valid traffic stop, the Constitution permits that officer to order the driver to exit the vehicle. *Mimms* held that the Fourth Amendment permitted an officer to order a legally stopped driver to exit his vehicle as a matter of routine practice to protect the officer's safety.[16]  If an officer can ask a legally stopped driver to exit his vehicle as a matter of course for the officer's safety, then, *a fortiori*, an officer can certainly ask a legally stopped driver to exit his vehicle when, as here, the officer has a particularized concern for his safety.  As such, Caez did not infringe upon Backus's Fourth Amendment rights when he then ordered Backus to exit his truck.

(15)   It is well settled that police "may seize, without a warrant, contraband that the officer observes in plain view"[17] if:

(1) The officer is lawfully in a position to observe the contraband,
(2) The item's evidentiary value is immediately apparent, and
(3) The officer has a lawful right of access to the item.[18]

(16)   The Superior Court explicitly found that Caez "observed, in plain view, hanging out of the jacket the defendant was wearing[,] what appeared to be a bag of cocaine."[19]  "[W]hen a trial judge's finding is based on . . . a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not

---

[16] *Mimms*, 434 U.S. at 109–10.
[17] *Hardin*, 844 A.2d at 985.
[18] *Id*.
[19] A65.

5

internally inconsistent, can virtually never be clear error."[20]  Clear error should be found only where "the story itself [is] so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it" or where there is contradictory extrinsic evidence.[21]  Here, we defer to the Superior Court's finding that Caez saw the cocaine in plain view.  And, in any event, Backus's briefs do not contest the Superior Court's application of the plain-view doctrine.

(17)   The three other requirements for admission of evidence under the plain-view doctrine were also satisfied.  First, Caez was lawfully in a position to observe the cocaine.  As mentioned, Caez lawfully stopped Backus's truck and ordered Backus to exit the truck.  Once Backus did so, Caez could and did see the cocaine.  Second, the cocaine's evidentiary value was immediately apparent.  Third, Caez had a lawful right of physical access.  This prong inquires into whether the officer's "access to an object has some prior justification under the Fourth Amendment"[22]  "In other words, plain view does not itself afford police warrantless *access* to an item that may be *observed* from a public place."[23]  "A plain-view seizure thus cannot be justified if it is effectuated by unlawful trespass."[24]  There was no such unlawful

---

[20] *Cede & Co. v. Technicolor, Inc.*, 758 A.2d 485, 492 (Del. 2000) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)).
[21] *Anderson*, 470 U.S. at 575.
[22] *Texas v. Brown*, 460 U.S. 730, 738 (1983).
[23] *Hardin*, 844 A.2d at 986 (emphasis added).
[24] *Collins v. Virginia*, 138 S. Ct. 1663, 1672 (2018).

6

trespass upon Backus's body when Caez seized the bag hanging out of the pocket of an outer garment.

(18) Because we hold that seizure of the black bag from Backus's pocket was permissible under the plain-view doctrine, we do not address the Superior Court's alternative ruling that "even if the drugs had been found subsequent to a pat-down, . . . that would have been constitutionally permissible."[25] Nor do we decide whether Article I, § 6 of the Delaware Constitution produces a different result. Our precedent instructs us to conduct separate analyses for parallel state constitutional provisions only when a party produces particular and detailed explanations of why a separate analysis is appropriate,[26] and Backus has not made any particular argument that Delaware's search-and-seizure protections compel a different conclusion than federal search-and-seizure protections.

(19) For all these reasons, we conclude that the Superior Court's denial of Backus's motion to suppress was not an abuse of discretion.

---

[25] A67.

[26] *Jones v. State*, 745 A.2d 856, 863–69 (Del. 1999) (outlining a litigant's obligations when raising a constitutional challenge based on a state constitutional provision that has a parallel federal constitutional provision).

NOW THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice